# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA SANTOS,<br><br>        Plaintiff,<br><br>vs.<br><br>GUARD MANAGEMENT, INC., et al.,<br><br>        Defendants. | CASE NO. 10CV2563 DMS (POR)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND PARTIALLY DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

Plaintiff, a non-prisoner proceeding *pro se*, has submitted a Complaint and a Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed *In Forma Pauperis* ("IFP").

**I.      Motion to Proceed IFP**

All parties instituting a civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.00. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). This Court finds Plaintiff's affidavit of assets is sufficient to show she is unable to pay the fees or post securities required to maintain this action. *See* Civil Local Rule 3.2. Accordingly, the Court grants Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

**II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)**

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person

proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). Section 1915(e)(2) mandates that the court reviewing a complaint filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). *Lopez*, 203 F.3d at 1127 ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

As currently pleaded, Plaintiff's Complaint is partially subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Plaintiff alleges her former employer discriminated against her on the basis of her disability in violation of the Americans with Disabilities Act ("ADA") and Title VII. The Americans with Disabilities Act prohibits covered employers from discriminating against individuals on the basis of disability with respect to the hiring, advancement, or discharge of employees and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a). Plaintiff alleges she was discriminated against by Defendant Guard Management, Inc. on two occasions: in April 2009, when she was allegedly discharged from her employment, and then subsequently rehired, for reporting a suspected gas leak (Complaint ¶ 2), and in May 2009, when she was allegedly discharged due to an injury she received on the job (*id.* at ¶¶ 3-4). Although Plaintiff has not sufficiently alleged discrimination in violation of the ADA with respect to the April 2009 incident, she has sufficiently pleaded a claim against Defendant Guard Management, Inc. under the ADA with respect to the May 2009 incident to survive the Court's *sua sponte* review.

Title VII prohibits employers from engaging in certain unlawful employment practices because of an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. Plaintiff's

1  Complaint, however, does not contain any allegations of unlawful employment practices based upon
2  her race, color, religion, sex, or national origin.  Accordingly, Plaintiff's claim under Title VII is
3  dismissed without prejudice for failure to state a claim upon which relief can be granted.  Plaintiff also
4  states claims against all Defendants for libel and slander.  California statute defines libel as "a false
5  and unprivileged publication by writing . . . which exposes any person to hatred, contempt, ridicule,
6  or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in
7  his occupation."  Cal. Civ. Code § 45.  Slander is "a false and unprivileged publication, orally uttered,
8  . . . which" charges any person with a crime, imputes in him the existence of a contagious or loathsome
9  disease, tends to injure him with respect to his profession, imputes to him want of chastity, or which,
10 by natural consequence, causes actual damage.  *Id.* at § 46.  Plaintiff refers only to a "Petition To
11 Declare Applicant A Vexatious Litigant" that was filed by Defendants in another legal action.
12 (Complaint ¶¶ 6-9.)  She does not allege any oral publications made by Defendant to support a claim
13 for slander and does not allege that the Petition was unprivileged.  Accordingly, Plaintiff's claims for
14 libel and slander are dismissed without prejudice.  Finally, Plaintiff alleges Defendants engaged in a
15 conspiracy.  (*Id.* at ¶ 11.)  To establish a civil conspiracy, a plaintiff must show the formation and
16 operation of a conspiracy, wrongful conduct in furtherance of a conspiracy, and damages arising from
17 the wrongful conduct.  *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1581 (1995).  Here,
18 Plaintiff merely alleges that Defendants have conspired and lists the alleged purposes of the
19 conspiracy, but she fails to provide factual allegations establishing the formation of a conspiracy.
20 Accordingly, Plaintiff's claim for civil conspiracy is dismissed without prejudice.

21 **III.    Conclusion and Order**

22       For these reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed IFP is
23 **GRANTED**.  Plaintiff's claims for violation of Title VII, libel, slander, conspiracy, and violation of
24 the ADA based upon the April 2009 incident are **DISMISSED** without prejudice for failure to state
25 //
26 //
27 //
28 //

1 a claim. Plaintiff's claim for violation of the ADA based upon the May 2009 incident survives.
2 Plaintiff may file an amended complaint consistent with this Order on or before January 14, 2011.
3 **IT IS SO ORDERED.**
4 DATED: December 21, 2010

HON. DANA M. SABRAW
United States District Judge