# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA SANTOS,<br><br>                          Plaintiff,<br>vs.<br><br>GUARD MANAGEMENT, INC., et al.,<br><br>                        Defendants. | CASE NO. 10CV2563 DMS (POR)<br><br>**ORDER GRANTING DEFENDANT GUARD MANAGEMENT, INC.'S MOTION TO COMPEL ARBITRATION** |

Pending before the Court is Defendant Guard Management, Inc.'s motion to compel arbitration. (Doc. 28.) The matter is currently set for hearing on Friday, August 26, 2011. The matter is suitable for submission without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the following reasons, Defendant's motion is granted.

## I.
## BACKGROUND

Plaintiff, a non-prisoner proceeding *pro se*, filed a Complaint and motion for leave to proceed *in forma paurperis* ("IFP") on December 15, 2010. (Docs. 1-2.) On December 22, 2010, this Court issued an Order granting Plaintiff's motion for leave to proceed IFP and *sua sponte* dismissing without prejudice Plaintiff's claims for violation of Title VII, libel, slander, conspiracy, and violation of the Americans with Disabilities Act ("ADA") based upon the April 2009 incident for failure to state a claim. (Doc. 3.) Plaintiff's claim for violation of the ADA based upon the May 2009 incident survived. On January 12, 2011, Plaintiff filed a First Amended Complaint ("FAC"). (Doc. 4.) On

February 3, 2011, the Court issued an Order finding the claims in the FAC against Defendant Guard Management, Inc. sufficient to survive the screening provisions of 28 U.S.C. § 1915(e)(2). (Feb. 3 Order at 2.) On July 28, 2011, the Court issued an Order granting Defendant Insurance Company of the West's motion to dismiss with prejudice. (Doc. 37.)

## II.

## LEGAL STANDARD

The Federal Arbitration Act provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under the Act, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which . . . would have jurisdiction under Title 28 . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. "The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. . . . If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." *Id.*

## III.

## DISCUSSION

Defendant argues Plaintiff entered into an arbitration agreement containing a compulsory arbitration provision when she commenced employment with Defendant. Pursuant to the conditions of the agreement, Plaintiff had an opportunity to opt out of the arbitration agreement, but elected not to do so. (Pasko Decl. ¶¶ 3, 5.) The agreement submitted to the Court by Defendant contains a provision for mandatory arbitration of

> all claims or controversies . . . that Employee may have against Employer . . . relating to[,] resulting from, or in any way arising out of Employee's relationship with Employer, Employee's employment relationship with Employer and/or the termination of Employee's employment relationship with Employer . . . . The claims covered by this Agreement include . . . tort claims for discrimination and harassment (including, but not limited to, race, sex, religion, national origin, age, marital status or medical

1  condition, disability, sexual orientation, or any other characteristic protected by federal, state or local law) . . . and claims for violation of any public policy, federal, state or other governmental law, statute, regulation or ordinance.
2

3 (Koumas Decl. Ex. A.) Thus, it is clear that the arbitration agreement covers the claims Plaintiff
4 asserts in the present action. Plaintiff does not dispute that she entered into an arbitration agreement
5 with Defendant, but argues the copy submitted by Defendant is forged and the copy she in fact signed
6 shows she crossed out the word "binding" and wrote "non-binding." (Santos Decl. ¶¶ 3, 5.) She also
7 argues Defendant waived its right to enforce the arbitration agreement by failing to request arbitration
8 in defendant's workers' compensation claim or in a discrimination proceeding filed with the
9 Department of Fair Employment and Housing ("DFEH").

10 Although Plaintiff asserts the copy of the arbitration agreement submitted by Defendant was
11 forged, she admits signing an arbitration agreement when she began employment with Defendant. She
12 does not provide any evidence of the existence of a different arbitration agreement or any evidence
13 in support of her claim that the agreement submitted was forged. In contrast, Defendant submits the
14 declaration of Liza Prasko, the Human Resources Manager for Defendant, who declares she personally
15 witnessed Plaintiff sign the arbitration agreement submitted to the Court and that the document has
16 been kept in the regular course of business and has not be altered or modified in any manner. (Pasko
17 Decl. ¶¶ 4, 6.) Accordingly, and particularly in light of Plaintiff's acknowledgment that she entered
18 into an arbitration agreement with Defendant, the Court finds Plaintiff's claim that the agreement
19 submitted to the Court is forged unpersuasive

20 Plaintiff further argues Defendant's motion should be denied because Defendant wived its right
21 to compel arbitration by failing to seek it in connection with the workers' compensation and DFEH
22 proceedings. A party seeking to prove waiver must demonstrate (1) knowledge of an existing right
23 to arbitrate, (2) acts inconsistent with that existing right, and (3) prejudice to the party opposing
24 arbitration resulting from the inconsistent acts. *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412
25 (9th Cir. 1990); *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986). However, as
26 Defendant points out, the Workers' Compensation Appeals Board has exclusive jurisdiction over
27 claims for workers' compensation injuries. *Charles J. Vacanti, M.D., Inc. v. State Compensation*
28 *Insurance Fund*, 24 Cal.4th 800, 810-16 (2001). Similarly, the DFEH is charged with the exclusive

1  power to accept complaints and issue right-to-sue notices.  Under California law, an employee must
2  exhaust the administrative remedy provided by the Fair Employment and Housing Act by filing an
3  administrative complaint with the DFEH.  *See* Cal. Gov. Code § 12960.  In the present action,
4  Defendant filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure
5  12(b)(6), which the Court denied as moot.  Defendant has not to date challenged the merits of
6  Plaintiff's claims or participated in this litigation in any other substantial way.  Accordingly, Plaintiff
7  has not demonstrated Defendant engaged in acts inconsistent with its right to arbitrate.  Moreover,
8  Plaintiff has failed to establish any prejudice to her due to Defendant's acts.  As Plaintiff has not met
9  her heavy burden of demonstrating waiver of the right to arbitrate by Defendant, the Court finds the
10 arbitration agreement enforceable and grants Defendant's motion to compel arbitration.

11 **IT IS SO ORDERED.**

12 DATED: August 22, 2011

14 HON. DANA M. SABRAW
   United States District Judge